RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/20/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE LEON GONZALEZ-LONGORIA, JR. | DOCKET NO. 13-CV-1485; SEC. P |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA, ET AL. | MAGISTRATE JUDGE KIRK (d) |

### REPORT AND RECOMMENDATION

*Pro se* Plaintiff Jose Leon Gonzalez-Longoria filed the instant petition for writ of mandamus in forma pauperis and pursuant to 28 U.S.C. §1361. Plaintiff is an inmate in the custody of the Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). Plaintiff complains that a federal criminal investigation is pending against him and is taking to long to complete. He seeks an order of mandamus instructing the United States to either file charges or drop the investigation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Factual Background*

Gonzalez-Longoria was convicted in the Western District of Texas for conspiracy to distribute more than five kilograms of cocaine and one hundred kilograms of marihuana, aiding and abetting the possession with intent to distribute of marihuana, aiding and abetting the distribution of cocaine, and and aiding and abetting

money laundering. See U.S. v. Gonzalez-Longoria, 30 F.3d 1494 (5th Cir. 1994). He received two (concurrent) life sentences plus sentences of forty years and ten years (concurrent). See id. His fines totaled $200,000, plus a $200 special assessment.

He in confined at the United States Penitentiary in Pollock Louisiana. Petitioner was placed in the special housing unit on March 13, 2013, and on May 13, 2013, formally charged with disciplinary violations of assault and possession of a weapon. [Doc. #1, p.2] He alleges that, in addition to the disciplinary charges, the FBI and United States Attorney's office are investigating him for possible violations of federal criminal laws. He complains that the investigation has been ongoing since at least May 2013, and ample time has passed for the FBI to conduct and complete its investigation.

### *Law and Analysis*

Petitioner requests a writ of mandamus pursuant to 28 U.S.C. §1361 ordering the respondents United States and Bureau of Prisons to terminate their investigation so that he can be released from administrative detention. He alleges that he is subject to administrative detention pending an investigation by the FBI and United States Attorneys, and that this delayed process deprives him of his Fifth and Sixth Amendment rights.

Title 28 U.S.C. §1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof *to perform a duty owed to the plaintiff*." (Emphasis added)  For the Petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In Re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997)(citing United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985)(citations omitted)); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).  Mandamus is improper in the instant case for the reasons that follow.

Petitioner claims that he could be prejudiced by the passage of time because by the time the government decides to prosecute, he will have "suffered an internal trial in which he/she has to disclose guilt or innocence subject to federal investigation." Plaintiff is incorrect in that he does not have to disclose anything for an "internal trial" or disciplinary hearing.  He can certainly maintain his innocence for any prison proceeding. "Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself.  But this *possibility of prejudice* at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context.  Possible prejudice is inherent in any delay, however

short; it may also weaken the Government's case." <u>U.S. v. Marion</u>, 404 U.S. 307, 322.

Applicable statutes of limitations protect against prosecutors bringing stale criminal charges against any defendant, and, beyond that protection, the Fifth Amendment requires the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense. <u>United States v. Lovasco</u>, 431 U.S. 783, 788-789; <u>United States v. Marion</u>, supra, 404 U.S. at 324. Those protections apply to criminal defendants within and outside of the prison walls. <u>See</u> <u>U.S. v. Gouveia</u>, 467 U.S. 180, 192 (1984).

Thus, Petitioner does not have a right to the conclusion of an investigation. He complains that the delay is causing him to remain in the SHU. However, absent extraordinary circumstances, placement in administrative segregation will never be a ground for a constitutional claim. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir. 1998). Additionally, under the guidance of <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credits or which otherwise directly and adversely affect the date of release will implicate a constitutionally protected liberty interest. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995). Thus,

Petitioner's confinement in segregation pending the alleged criminal investigation, is not unconstitutional.

Petitioner is not entitled to mandamus relief, and his petition should be dismissed as frivolous and failing to state a claim for which relief can be granted.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of August, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE